# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEONARD JOHNSON, CDCR #AR-2179<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD WHITNEY; BONNIE DUMANIS,<br><br>Defendants. | Civil No. 14cv1188 LAB (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS*; **AND**<br><br>**(2) DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

David Leonard Johnson ("Plaintiff"), a state inmate currently housed at High Desert State Prison located in Susanville, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

I. **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the California Department of Corrections and Rehabilitation to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

///

Here, Plaintiff seeks money damages for "false imprisonment" from San Diego District Attorney Bonnie Dumanis. (*See* Compl. at 15.) Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman*, 793 F.2d at 1075.

In addition, to the extent that Plaintiff is seeking money damages based on rulings made by San Diego Superior Court Judge Richard Whitney, this Defendant is absolutely immune. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as a Superior Court Judge for the State of California, this Defendant has absolute immunity from civil proceedings relating to these actions, which were performed within their judicial discretion. Thus, Plaintiff's claims against both Defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against defendants who are immune from such relief.

Plaintiff is also challenging the rulings made by Superior Court Judge Whitney in his criminal proceedings. However, this is not a viable § 1983 claim. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional

issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action alleging violations of due process and equal protection. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff appears to seek this Court's assistance in overturning orders made by a San Diego Superior Court Judge, his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine.

If Plaintiff is currently in the process of facing criminal charges and requests that this Court intervene in the state court's decisions, the Court declines to do so. A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger v. Harris*, 401 U.S. 37, 46, 53-54 (1971).

*Younger* abstention is appropriate if four criteria are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal questions; and (4) the federal court action would "enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce PAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Here, based on Plaintiff's allegations that he has ongoing criminal proceedings in state court and requests this Court's intervention, abstention pursuant to the *Younger* doctrine is warranted.

1    For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

### III.   CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

2.   The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against an immune defendant. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

5.   Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,

/ / /

567 (9th Cir. 1987).  If Plaintiff fails to file an Amended Complaint within 45 days, this action shall remain dismissed without further Order by the Court.

      6.      The Clerk of Court is directed to mail Plaintiff a copy of a Court approved § 1983 civil rights complaint.

**IT IS SO ORDERED.**

DATED:  June 10, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge